IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              1:19-CR-02855-JB

STEVEN GRIEGO,

    Defendants.

## APPEAL OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING

***COMES NOW,*** Defendant Steven Griego, by and through his counsel of record, Phillip G. Sapien, *Sapien Law, LLC.*, and pursuant to 18 U.S.C. § 3145 (b) and (c), hereby appeals the Detention Order entered on October 2, 2019 by U.S. Magistrate Judge Yarbrough [Doc. 38], and requests that the Court release Mr. Griego from custody on conditions of release pending the resolution of this case.

As grounds in support of this appeal, Mr. Griego states as follows:

1. On September 11, 2019 Mr. Griego was indicted by a Grand Jury on a superseding indictment [Doc. 18]. Mr. Griego was indicted on various charges including Conspiracy to take hostages, hostage taking aid and Abetting and using, carrying and brandishing a firearm during and in relation to a crime of violence.

2. Mr. Griego has been detained at the Cibola County Correctional Center (Core Civic) in Milan, New Mexico, on this case before October 2, 2019.

3. Mr. Griego alleges that since his detention, he has been the victim of assault, specifically related to the charges in this case, on at least two occassions occurring on January 19, 2020 and February 14, 2020.

4. Because of these incidents Mr. Griego and his counsel are concerned for Mr. Griego's safety and security as a result of the charges pending against him.

5. Mr. Griego also has the support of his family who are committed to assisting Mr. Griego comply with any reasonable conditions of release the Court may impose in this case and the defense believes there are conditions of release that can be imposed to safeguard the community and ensure Mr. Griego's presence at trial.

6. Counsel contends that the facts in this case support the Court releasing Mr. Griego on conditions of release pending trial and imposing reasonable conditions of release, including pre-trial services supervisory GPS monitoring or placement in a halfway house at this time.

7. Defense counsel requests an expedited hearing in this case but advises the Court he is unavailable for hearings on March 2nd, 2020 and between March 30th through April 6th, 2020.

## ARGUMENT

The Bail Reform Act of 1984 [18 U.S.C. §§3141 et seq.] sets out the procedure the Court must follow to determine whether a defendant should be released or detained pending trial. A defendant ordered detained by a Magistrate Judge may seek review before the district court. *18 U.S.C. § 3145(b)*. The district court then conducts a de novo review of the facts and no deference to the magistrate judge's findings should be given. *See United States v. Koening, 912 F.2d 1190, 1192 (9th Cir. 1990)*. In performing this review, the district court may, in its discretion, rely upon the record developed before the magistrate or conduct additional evidentiary hearings. *Id. at 1193*. Regardless, the presumption of innocence remains with the defendant when the Court is considering conditions of release. *18 U.S.C. § 3142(j)*.

The rebuttal presumption of *18 U.S. C. 3142(e)* does apply in this case and the burden of production then shifts to the defendant to produce some evidence to rebut the presumption. *United States v. Stricklin, 932 F.2d 1353, 1354-1355 (10th Cir. 1991).* Regardless, the burden of persuasion always remains with the Government regarding risk of flight and danger to the community. *Id.* The Government's burden with respect to risk of flight is a preponderance of the evidence. *See United States v. Goba, 220 F.Supp.2d 182, 186 (W.D.1V.Y. 2002).* This evidence burden has been previously defined as "evidence which as a whole shows that the fact sought to be proved is more probable than not.... '[P]reponderance' means something more than 'weight'; it denotes a superiority of weight, or outweighing." *See United States v. Cline, 2002 WL 31309892 (W.D. Kansas, 2002), citing United States v.. Montague, 40 F.3d 1251, 1255 & n. 2 (D.C.Cir.1994); United States v. Vaccaro, 5 F.3d 548, 1993 WL 371420, at \*2 (10th Cir.1993).*

The Government *must* prove that conditions will not "reasonably assure" Mr. Griego's appearance. It is *not* sufficient that the Government may prove that conditions will not "guarantee" defendant's appearance, as only detention can "guarantee" appearance. *See U.S. v. Orta, 760 F.2d 887, 891-892 (8th Cir. 1985).* **Emphasis added by counsel.** The Government's burden with respect to danger to the community is clear and convincing evidence. *See 18 U.S.C. 3142W; Goba, 220 F.Supp.2d at 187.* Clear and convincing evidence has been defined as follows:

> evidence which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*See Goba, 220 F.Supp.2d at 188, citing Cruzan v. Missouri Dep't of Health, 497 U.S. 261, 285 n. 11, 110 S. Ct. 2841, 111 L.Ed.2d 224 (1990).*

> the clear and convincing evidence standard is one which "place[s] in the ultimate factfinder an abiding conviction that the truth of [the proponent's] factual contentions are 'highly probable.' "

*See Goba, 220 F.Supp.2d at 189, citing Colorado v. New Mexico, 467 U.S. 310, 316, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984).*

> something more than "preponderance of the evidence," and something less than "beyond a reasonable doubt." To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty.

*Goba, 220 F.Supp.2d at 189, citing United States v. Chimurenga, 760 F.2d 400, 405 (2nd Cir. 1985.*

Based on the definitions and standards noted above, undersigned counsel contends that the Government cannot met its burden of proof in establishing risk of flight or danger to the community related to Mr. Griego. Moreover, undersigned counsel believes that there are conditions or a combination of conditions that can be ordered and imposed to safeguard the community and to assure that Mr. Griego appears for all future court proceedings.

Given the nature of this case and prior conversations between undersigned counsel and Assistant United States Attorney (AUSA) Norman Cairns, defense counsel assumes that this motion will be opposed by AUSA Cairns. Therefore, a position by Mr. Cairns to this motion was not sought by defense counsel.

***WHEREFORE,*** Defendant, Steven Griego, hereby prays for the relief requested herein, including an expedited hearing before the District Court in Albuquerque, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Phillip J. Sapien

PHILLIP G. SAPIEN
Attorney for Defendant
Post Office Box 25523
Albuquerque, NM 87125
(505) 842-5979

**THE UNDERSIGNED** hereby certifies
that a copy of the foregoing Motion was
electronically delivered to opposing

*Appeal of Detention Order & Request for Expedited Hearing*
*USA v. Steven Griego*
*19-CR-02855-JB*
Page **4** of **5**

counsel this 28th day of February 2020.

*Phillip G. Sapien* (signature)
PHILLIP G. SAPIEN