IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 19-CR-02855-JB

STEVEN GRIEGO

        Defendant

## JOINT MOTION TO CONTINUE TRIAL (MARCH 29, 2021) AND EXTEND RELATED PRETRIAL DEADLINES FOR AT LEAST ONE-HUNDRED TWENTY-THREE (123) DAYS

***COMES NOW,*** Steven Griego, Defendant, by and through undersigned counsel Phillip G. Sapien, and counsel for the government, Samuel A. Hurtado, and respectfully moves the Court to continue the jury trial currently scheduled for March 29, 2021, and to vacate and reschedule all other deadlines and settings in this matter for at least one-hundred twenty-three (123) days from March 29, 2021 and the respective pretrial deadline dates. In support of this motion, the parties state as follows:

    1.    Mr. Griego is a named defendant in the Superseding Indictment filed with this court on September 11, 2019 [See doc. 18]. Mr. Griego is charged with Count 1 of Conspiracy to take hostages, pursuant to 18 U.S.C. § 1203(a), Count 2-4 of Hostage taking, pursuant to U.S.C § 1203(a); 18 U.S.C. § 2 Aiding and Abetting; and Count 5 of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime, pursuant to 18 U.S.C. § 924(c).

    2.    Trial in this matter is currently scheduled for March 29, 2021.

    3.    The parties have been actively engaged in case investigation, exchange and review of discovery and plea negotiations during the pendency of this case.

4. However, Mr. Hurtado recently took over as lead counsel in this case for the government and additional time is needed for him to complete his analysis of this case and the parties intend to continue and intensify plea negotiations in this matter to attempt to resolve this case without the need for a trial.

5. Therefore, the parties respectfully request a continuance to complete several tasks that are vital to the investigation and resolution of this matter. Specifically, counsel for the parties request the additional one-hundred twenty-three (123) days from the current setting to complete a forensic/psychological evaluation of Mr. Griego, to continue to investigate this case and to engage in continued plea negotiations. Counsel for Mr. Griego will also utilize this time to continue to explore possible defenses and/or to file pretrial motions and prepare for trial, if necessary. Counsel for the government will also need the requested time to secure the presence of witnesses for trial in this case, if necessary. One-hundred twenty-three days is the minimum amount of time that is required to conduct all of the noted tasks and to set this matter for a change of plea hearing if a resolution is reached.

6. A continuance is necessary for counsel to complete the following tasks:

    a. Complete a forensic/psychological evaluation of Mr. Griego.

    b. Continue to review and analyze discovery and investigation of this matter.

    c. Continue plea negotiations between the partis. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial.

    d. Research, prepare, and file pretrial motions, including possible motions to suppress and other motions in limine.

    e. Complete an investigation into the allegations and charges against Mr. Griego

and explore all possible defenses.

7. The parties request a continuance of the trial of no less than 123 days from the current trial setting and pretrial deadline dates. Counsel believes that length of time to be the minimum that will be sufficient to complete the aforementioned tasks in this case.

8. Mr. Griego's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Griego will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

9. Mr. Griego agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Griego and will permit him additional time to complete a forensic/psychological evaluation, determine if defense counsel has a conflict in this case, prepare and file pretrial motions, to further investigate this case, and to prepare for trial. Additionally, a continuance will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Griego his rights under the Speedy Trial Act and Mr. Griego understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

10. Undersigned counsel affirmatively states that the ends of justice will be served by

granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Griego time to review the discovery, pursue any investigation, and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter and for the government to secure the presence of its witnesses for trial, if necessary. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Griego by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

11. Counsel for the government, Samuel A. Hurtado, joins this motion to Continue Trial.

WHEREFORE, the parties, by and through their undersigned counsel, respectfully request that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted by,

*Sapien Law, LLC.*

_____*Electronically signed by*_____
PHILLIP G. SAPIEN
Attorney for Defendant Steven Griego
Post Office Box 25523
Albuquerque, NM 87125
(505) 842-5979
Direct Line: (505) 317-4367

And

_____*Electronically approved by*_____
SAMUEL A. HURTADO
Assistant United States Attorney

*USA v. Steven Griego*
*Criminal Case No.: 19-CR-02855-JB*
*Joint Motion to Continue Trial (March 29, 2021)*
*and Related Deadlines for at least 123 days*

P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

THE UNDERSIGNED hereby certifies that
A copy of the foregoing pleading was
electronically delivered to opposing counsel
on March 29th, 2021 via the CM/ECF electronic
filing system.

        /s/
    PHILLIP G. SAPIEN, ESQ.